# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA SCALZO, ) | 1:11-cv-00612 LJO GSA |
| Plaintiff, ) | |
| ) | **FINDINGS AND RECOMMENDATIONS** |
| v. ) | **REGARDING MOTION TO REMAND** |
| ) | |
| ALLIED PROPERTY AND CASUALTY ) | (Document 10) |
| INSURANCE COMPANY, a corporation and ) | |
| DOES 1 through 10, ) | |
| Defendants. ) | |

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On March 8, 2011, Plaintiff Martha Scalzo filed a complaint in the Madera County Superior Court, asserting the following causes of action: breach of contract, breach of implied covenant of good faith and fair dealing, and intentional misrepresentation. In addition to general damages and the recovery of attorneys fees and costs, Plaintiff sought an award of punitive damages. Generally speaking, Plaintiff alleges that Defendant Allied Property and Casualty Insurance Company, Inc. breached a policy of insurance between the parties following damages sustained at Plaintiff's home in Madera, California, caused by a rain storm that occurred on May 23, 2010. (*See* Doc. 1, Ex. A.)

1

On April 15, 2011, Defendant filed a Notice of Removal with this Court.  More specifically, Defendant removed the action from state court on the basis of diversity.  (Doc. 1.)

On April 22, 2011, Defendant filed an answer to the complaint.  (Doc. 8.)

On June 9, 2011, Plaintiff filed a Motion to Remand for Lack of Subject Matter Jurisdiction. (Docs. 10-12.)   Thereafter, on June 24, 2011, Defendant opposed the motion to remand.  (Doc. 15.)  On July 1, 2011, Plaintiff filed a reply.  (Doc. 16.)

On July 5, 2011, this Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g).[1]  The hearing scheduled for July 8, 2011, was vacated and the matter was deemed submitted for written findings.  (Doc. 17.)

## LEGAL STANDARD

Title 28 of the United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . .."  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009).  The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court."  *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  When reviewing a motion to remand, a

---

[1] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits.  Any omission of a reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

district court must analyze jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted).  If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court.  28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand).  However, a district court lacks discretion to remand a case to the state court if the case was properly removed.  *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Where the parties in an action are citizens of different states, a district court "shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  This amount includes claims for general and special damages (excluding costs and interests), attorneys fees if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.  *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).  The amount in controversy is "determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 757 (9th  Cir. 1999).

Where the complaint does not specify the amount sought as damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  *Guglielmino v. McKee Foods* Corp., 506 F.3d 696, 699 (9th Cir. 2007); *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

//

//

3

**DISCUSSION**

Plaintiff seeks remand to state court, asserting that Defendant has not met its burden of establishing that removal was proper. More particularly, Plaintiff argues that Defendant has failed to establish that the amount in controversy exceeds $75,000. (Doc. 10 at 2-5.) Additionally, Plaintiff argues that Defendant has failed to prove diversity of citizenship. (Doc. 10 at 5-7.) Defendant opposes the motion, contending the amount of controversy has in fact been met, and that diversity of citizenship exists between the parties. (Doc. 15 at 2-8.)

For the foregoing reasons, this Court will recommend the matter be remanded to the Madera County Superior Court.

**A.    *Amount in Controversy***

Where a complaint does not specify a particular amount of damages, the Ninth Circuit has held the removing party bears the burden of establishing, by a preponderance of the evidence, that the recovery sought meets the amount in controversy requirement. *Abrego v. The Dow Chemical Co.*, 443 F.3d at 683. Therefore, the removing party must provide evidence that it is more likely than not that the amount in controversy exceeds $75,000. *Id.*, citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d at 404. Where this burden is not met, the case must be remanded to the state court where it was originally filed. Fed. R. Civ. P. 1447(c). As previously noted, the removal statute is strictly construed against removal. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Plaintiff's complaint does not specify a particular amount of damages sought. Rather, Plaintiff seeks general, special, economic and consequential damages, attorney fees, prejudgment interest, costs of suit, and punitive damages. (Doc. 1, Ex. A at 12.) Thus, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

//
//

### 1. Punitive Damages

Defendant asserts that Plaintiff's bad faith and punitive damages claims establish that the amount in controversy is met. Specifically, Defendant cites to a number of cases wherein "[j]uries in California render verdicts in the millions of dollars based on the alleged bad faith denial of insurance benefits and punitive damages claims." (Doc. 15 at 3.) Counsel for Defendant also appended copies of jury verdicts in three matters to her supporting declaration. (Doc. 15-1, Exs. A-C.)

However, "[i]t would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies" for bad faith failure to pay claims. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. at 1201 (internal citation omitted). Here, Defendant has not provided any factual data on the cases cited and "has made no effort to compare the facts of [those cases] with the alleged facts of this case." *Id.*, at 1201. The cases cited by Defendant involve a different kind of insurance - workers' compensation, disability and automobile - and do not provide information regarding value of the underlying claim or damages sought. Defendant "has failed to articulate why the *particular facts* that are alleged in the instant case might warrant extraordinary damages." *Id.*, at 1201.

Further, while Plaintiff's complaint seeks damages for emotional distress related to a breach of the implied covenant of good faith and fair dealing, Defendant also has not provided a sound basis for this Court to estimate a potential award of said damages, and the Court will not speculate. The evidence offered by Defendant is too vague to establish subject matter jurisdiction.

### 2. Attorney's Fees

Defendant further contends that whether Plaintiff can recover only "40% of the contract damages, or an hourly calculation based on the amount of fees incurred in pursuit of contract

5

damages . . . [e]ither method results in significant potential attorney's fees that can be awarded in this case and contribute to the amount in controversy." (Doc. 15 at 4-5.)

Plaintiff's complaint does include a prayer for attorney's fees. In her moving papers, Plaintiff indicates that "the only legal work performed . . . has been the preparation of the complaint." (Doc. 10 at 4.) In her reply to Defendant's opposition, Plaintiff asserts that Defendant has failed "to present credible evidence as to the fees attributable to recovering benefits . . . at the time of removal." (Doc. 16 at 2.)

> California law permits recovery of attorneys fees incurred by the insured in obtaining benefits due under the policy when the insurer's conduct in withholding benefits was tortious. The theory permitting this recovery is that when an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. However, only attorney fees attributed to an attorney's efforts in obtaining benefits due under the insurance contract are recoverable, and fees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are not recoverable. Since the amount in controversy may include attorneys fees if recoverable by statute or contract, attorney fees recoverable . . . may be considered in determining whether the amount in controversy exceeds the jurisdictional floor.

*Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. at 1199 (internal citations & quotation marks omitted). As noted by Plaintiff in her moving papers, attorney fees are minimal "because at the time of removal the only legal work performed . . . [was] the preparation of the complaint." (Doc. 10 at 4.)

Defendant's prediction that an award of attorney fees could be significant is too vague to establish subject matter jurisdiction. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. at 1200. The amount in controversy must be determined as of the date of removal. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. at 1200. This Court is not persuaded that the attorney fee exposure here works to establish that the amount in controversy exceeds $75,000.

//
//

6

### 3. Plaintiff's Refusal to Stipulate

In his declaration in support of the remand motion, counsel for Plaintiff declares that Defendant offered to stipulate to remand in exchange for Plaintiff's stipulation to a limit of her claims, including costs, to $75,000. (Doc. 12, ¶ 2.)

To the degree Defendant can be said to assert that Plaintiff's failure to stipulate that her case is worth less than $75,000 can be interpreted as evidence that potential damages meet the jurisdictional requirement (*see* Doc. 15-1, Ex. E), any such assertion is incorrect. In *Conrad Assocs. v. Hartford Accident & Indem. Co.*, the court held that plaintiff's refusal to stipulate that the case was worth less than $75,000 was not enough to establish diversity jurisdiction. *Conrad Assocs.*, 994 F.Supp. at 1199 (finding a defect in the subject matter jurisdiction cannot be stipulated to or waived).

### 4. The Settlement Offer

Defendant asserts that because Plaintiff "has offered nearly the jurisdictional minimum as a settlement offer," or $68,500, her "claim of $20,000 in disputed damages . . . is disingenuous." (Doc. 15 at 6; Doc. 15-1, Ex. D.)

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In *Cohn*, the Court determined that a settlement letter demanding $100,000 dollars for alleged violations of a trademark was sufficient evidence that the amount in controversy exceeded $75,000. *Id.* The Court noted that "Cohn could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence. Rather, he consistently maintained that his mark is worth more than $100,000." *Id.*

Here, Plaintiff's counsel sent a letter to defense counsel following receipt of Defendant's notice of removal. Counsel for Plaintiff asserted that removal was improper because the amount in controversy did not establish this Court's jurisdiction. In conclusion, the letter states as

7

follows: "We are authorized by our client to settle this case for $68,500. This offer will remain in effect until 5pm on May 20, 2011, at which time it will automatically be revoked and our office will proceed to vigorously litigate this matter." (Doc. 15-1, Ex. D.)

The settlement offer here appears to be a reasonable estimate of Plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d at 840. A claim that is less than this Court's required jurisdictional minimum. Additionally, in insurance claims matters, "the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997); *Infinity Ins. Co. v. Guerrero*, 2007 WL 2288324 (E.D. Cal. 2007). Plaintiff asserts in her motion that this matter "arises out of a $20,000 dispute over insurance policy benefits." (Doc. 10 at 2; *see also* Doc. 10 at 3.) A. Michael De Cesare, a licensed public adjuster retained by Plaintiff, provided a declaration in support of the motion. In relevant part, the declaration provides:

> Attached as Exhibit A to my declaration is a true and correct copy of my letter to Roger Cummings, Property Claims Representative, dated October 21, 2010. Attached to the letter was a notarized proof of loss in the amount of $41,523.40. The proof of loss is sworn to by Ms. Scalzo. Allied paid $14,451.94 towards the claim. As schedule A to the Proof of loss states there is a net amount payable of $20,288.75 [less depreciation and deductible], in policy benefits.

(Doc. 11, ¶ 3.) Plaintiff has consistently maintained the value of her claim does not exceed the jurisdictional minimum. Also, as Plaintiff noted in her reply to Defendant's opposition, "[s]ettlement offers embody numerous considerations other than just the amount in controversy at the time of removal." (Doc. 16 at 3.)

Finally, like the Northern District court in *J. Marymount, Inc. v. Bayer Healthcare, LLC*, 2009 WL 4510126 *3 (Nov. 30, 2009), this Court is persuaded by the following reasoning:

> In *Faulkner* [*v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801 (N.D. Cal. Oct. 1, 1999)], the plaintiff made an initial offer to settle his claims including "all compensatory damages, attorney's fees and punitive damages" for "$72,000, with each side to bear their own fees and costs." *Id.* at *8. Subsequently, the Plaintiff made a second settlement offer of $50,000 that "also included compensatory damages, attorney's fees and punitive damages." *Id.* The Court found that the

two settlement offers supported "plaintiff's claim that he [was] seeking a total of less than $75,000," and ultimately found that the defendant had not shown that the amount in controversy exceeded $75,000. *Id.* *8, 12.

Other districts have come to similar conclusions. In *Vasquez v. CSX Transportation, Inc.*, the plaintiff made a settlement offer of $70,000. *See id.,* 2009 U.S. Dist. LEXIS 57825, *1 (N.D. Ill. July 1, 2009). There, the court acknowledged that "when litigants settle lawsuits, they usually take the risk of going to trial into account. Thus, plaintiffs usually settle for less than what they believe they could get if they prevailed at trial. *Id.* at *7. However, the court noted that the $70,000 settlement offer was an initial offer, and typically initial offers are used to anchor the negotiations in [a party's] favor by starting the process with a high number." *Id.* Accordingly, the court refused "to jump to the conclusion that because [the plaintiff's] initial settlement offer was $70,000, the amount in controversy" exceeded $75,000. *Id.* at *7-8.

This Court will not simply conclude that Plaintiff's settlement offer of $68,500 is evidence that Plaintiff's claim exceeds the required jurisdictional minimum.

For all of the foregoing reasons, this Court finds that Defendant has failed to meet its burden of establishing the amount in controversy in this matter exceeds $75,000. Lastly, because this Court so finds, it need not reach the issue of whether or not diversity of citizenship exists between the parties. Accordingly, this Court will recommend Plaintiff's motion to remand this matter to state court be granted.

### B.   *Attorney's Fees Related to the Instant Motion*

Plaintiff seeks an award of $2,100 in attorney's fees related to the preparation and filing of the motion for remand. (Doc. 10 at 7; Doc. 12, ¶ 3.)

An award of costs and fees is authorized only where remand occurs for "a defect in removal procedure" or for a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 708-09 (2005). The award of attorney fees is not automatic where plaintiff has prevailed; it is discretionary. *Id.*, at 136. The key factor regarding such an award is the propriety of the removal, "absent unusual circumstances, attorney's fees should not be

9

awarded when the removing party has an objectively reasonable basis for removal." *Id.*, at 136; *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, an award of fees and costs is not warranted. While the Court has in fact decided against Defendant on the issue of removal, it cannot be said its basis for seeking to remove this action from the state court is objectively unreasonable. *Martin v. Franklin Capital Corp.*, 546 U.S. at 136.

In sum, this Court will recommend that Plaintiff's request for an award of attorney fees related to the instant motion be denied.

**RECOMMENDATIONS**

For the reasons stated above, this Court RECOMMENDS that Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction be granted in part. More specifically, the Court recommends this matter be remanded to the Madera County Superior Court in its entirety. However, as to Plaintiff's request for an award of attorney's fees related to preparation of the instant motion, this Court RECOMMENDS the request be denied.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 11, 2011**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE